UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICARDO LOPEZ, et al.,

      Plaintiffs,

v.                                          Case No. 1:08-CV-531

KENNETH SUTTON, et al.,                HON. GORDON J. QUIST

      Defendants.
_____/

## MEMORANDUM ORDER

On August 25, 2009, the Court heard oral argument on Defendant Citizen Insurance Company of America's Motion for Summary Judgment and Defendants Kenneth Sutton and Charlene Giuchici, d/b/a Country Clan Blueberries' Motion for Summary Judgment. Defendants Sutton's and Giuchici's motion will be granted for the reasons stated on the record.

Citizens' motion for summary judgment is based on M.C.L.A. § 500.3113(c), which provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
>     . . . .
>
> (c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state, and was not insured by an insurer which has filed a certification in compliance with section 3163.

M.C.L.A. § 500.3113(c). Citizens argued in its motion that it is entitled to summary judgment because Plaintiffs were not residents of Michigan under § 3113(c). During oral argument, the Court

stated its reasons for denying the motion on the basis that a genuine issue of material fact remains with regard to whether Plaintiffs were residents of Michigan for purposes of the No Fault Act.

The Court also advised the parties at oral argument of its conclusion that the exclusion in § 3113(c) does not apply to Plaintiffs and said that it would explain its reasoning in a post-hearing order. Plaintiffs disputed the application of § 3113(c) in their response to Citizens' motion. Citizens did not file a reply, however, and therefore never responded to this argument in writing. Possibly because of the lack of a response and/or other circumstances, some confusion occurred on this issue at the hearing. In any event, as explained more fully below, the Court concludes that § 3113(c) does not apply in this case because Plaintiffs were merely passengers in the uninsured vehicle and were never required to obtain insurance through an insurer "which has filed a certification in compliance with section 3163."

Section 3101(1) of the No Fault Act requires the owner or registrant of a motor vehicle registered in Michigan to "maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." M.C.L.A. § 500.3101(1). Under Section 3102(1), a nonresident owner or registrant of a motor vehicle not registered in Michigan who operates the vehicle more than 30 days in any calendar year in Michigan must maintain the requisite security for no fault benefits. M.C.L.A. § 500.3102(1). *See also Citizens Ins. Co. of Am. v. Roadway Express, Inc.*, 135 Mich. App. 465, 468, 354 N.W.2d 385, 387 (1984). Pursuant to M.C.L.A. § 500.3163(1), insurers authorized to transact personal injury protection (PIP) insurance in Michigan are required to file a certificate and pay Michigan PIP benefits to their out-of-state resident insureds in the event of a motor vehicle accident in Michigan. Section 500.3163(2) permits a nonadmitted insurer to voluntarily file a certificate and pay PIP benefits to its out-of-state

resident insureds in the event of a motor vehicle accident in Michigan. The Michigan Court of Appeals has said that "[b]ecause tort recovery in Michigan is limited, the apparent intent of § 3163 of the no-fault act was to guarantee that insured nonresidents injured in Michigan, who would be unable to obtain relief through tort claims, would be protected against economic losses to the same extent as Michigan residents are." *Jones v. State Farm Mut. Auto. Ins. Co.*, 202 Mich. App. 393, 407, 509 N.W.2d 829, 837 (1993) (citations omitted).

> Determining the source of No Fault benefits may involve several steps.
>
> Under the no-fault act, an accident victim proceeds against his own insurer. If he is not insured, he claims benefits from the insurer of the vehicle or driver involved in the accident. If the owner and driver are uninsured motorists, he proceeds against the assigned claims facility which provides no-fault benefits where there is no insurance applicable to the accident.

*Husted v. Dobbs*, 459 Mich. 500, 512, 591 N.W.2d 642, 647 (1999) (quoting *Bradley v. Mid-Century Ins. Co.*, 409 Mich. 1, 52, 294 N.W.2d 141, 158-59 (1980)).

The exclusion under § 3113(c) applies only if the person "was not insured by an insurer which has filed a certification in compliance with section 3163." Section 3163 concerns situations in which an insurer insures an out-of-state resident for automobile liability and files a written certificate, as required for admitted insurers or permitted for nonadmitted insurers. The filing of a certificate protects the nonresident insured through no fault benefits. By implication, § 3163 only applies to nonresidents who would otherwise be required to purchase no fault insurance – a nonresident "owner or registrant of a motor vehicle . . . not registered in Michigan." M.C.L.A. § 500.3102(1). Plaintiffs were neither the owner nor registrant of the vehicle involved in the accident. Instead, they were merely passengers. Moreover, it appears that neither Plaintiff owned a motor vehicle. Plaintiffs thus had no statutory obligation to purchase no fault insurance, nor did they have

any reason to purchase automobile liability insurance outside of Michigan. Because Plaintiffs were merely passengers, even if the owner or registrant of the vehicle had insurance and the insurer had filed a certificate as required by § 3163, Plaintiffs would not have been named "insureds" under the policy.

*Gersten v. Blackwell*, 111 Mich. App. 418, 314 N.W.2d 645 (1981), in which the court discussed the purpose of § 3113(c), sheds light on this point:

> The purchase of no-fault insurance by transient nonresident motorists is therefore on a voluntary basis. Disqualification from benefits under § 3113(c) for those who do not voluntarily comply with our act is not a penalty. Section 3113 is merely an exclusion section and is intended to prevent benefits provided by Michigan's scheme from going to *someone who has not paid a premium for the same.* This scheme, while encouraging compliance with the act on the part of a transient nonresident, does not go so far as to subject the nonresident to criminal sanctions. In this manner the legislation strikes a balance between the Legislature's interest in uniform application of the act to injuries arising out of motor vehicle accidents in our state and the transient nonresident's interest in the operation of his vehicle.

*Id.* at 424, 314 N.W. 2d at 648 (italics added). Plaintiffs were not "transient nonresident motorists" and thus were not required to comply, whether on a mandatory or voluntary basis, with the No Fault Act. Accordingly, it would make no sense to exclude coverage for an individual who was not required to pay a premium for no fault insurance, and in fact could not have done so. Given these circumstances, it appears that Plaintiffs are entitled to apply for benefits through the assigned claims facility, just as any uninsured Michigan resident who has not paid a premium is permitted to do. M.C.L.A. § 500.3172(1). *See Detroit Med. Ctr. v. Citizens Ins. Co.*, No. 266444, 2007 WL 2214291 (Mich. Ct. App. June 28, 2007) (uninsured passenger entitled to benefits where the evidence was insufficient to establish exclusion under § 3113(c)).

The phrase "not insured by an insurer which has filed a certification in compliance with section 3163" is subject to several different interpretations. First, it could be understood to preclude benefits for any nonresident occupant of an out-of-state vehicle – an owner, registrant, driver, or passenger – without regard to whether the occupant is normally required or expected to maintain automobile liability insurance, so long as the occupant was not insured by an insurer that had filed a certificate. Second, the phrase could be interpreted to preclude benefits only to nonresident motorists who had purchased out-of-state coverage through an insurer that had not filed a certificate. This would leave uninsured nonresidents, including persons such as Plaintiffs, who neither owned nor operated an out-of-state motor vehicle in Michigan and would not be required to purchase no fault insurance, as well as nonresident owners and registrants of out-of-state vehicles with no automobile liability coverage at all, eligible for benefits. Finally, the phrase could be interpreted to preclude coverage to nonresident owners or registrants of out-of-state vehicles operated in Michigan who either had no insurance or were insured with an insurer that had not filed a certificate required by § 3163. Under this interpretation, a person who would not be expected to purchase automobile liability insurance, such as Plaintiffs, could still receive benefits.

Plaintiffs argued in their brief that § 3113(c) does not apply to an "uninsured" person, or a person with no insurance. As the Court understands it, this would include persons such as Plaintiffs, as well as uninsured owners or operators of out-of-state vehicles with no automobile liability insurance. The Court's statement at oral argument that it disagreed with Plaintiffs was based upon this broad interpretation that Plaintiffs offered in their brief. Instead, while the Court agrees with Plaintiffs that § 3113(c) does not apply to them, it reaches this conclusion on the basis that Plaintiffs were neither the owner nor the registrant of the out-of-state vehicle, were never required to maintain

5

automobile liability insurance, and thus could not have been "insured by an insurer which has filed a certification in compliance with section 3163." M.C.L.A. 500.3113(c). It is this interpretation that the Court finds most persuasive in light of the intent of the No Fault Act.

Because Citizens did not respond to Plaintiffs' argument in writing, and because the Court's reasoning differs slightly from Plaintiffs' reasoning, the Court will allow both parties an opportunity to respond in writing to the Court's analysis. Although the Court has already concluded that Citizens' motion should be denied with regard to whether Plaintiffs were Michigan residents at the time of the accident, a determination that § 3113(c) does not apply would obviate any need for a jury to decide the resident issue. Therefore,

**IT IS HEREBY ORDERED** that Defendants Kenneth Sutton and Charlene Giuchici, d/b/a Country Clan Blueberries' Motion for Summary Judgment (docket no. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall have **fourteen (14)** days from the date of this Memorandum Order to file supplemental briefs responding to the Court's analysis of whether § 3113(c) applies in this case.

Dated: August 31, 2009                /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE