UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO LOPEZ, et al.,

    Plaintiffs,

v.                                Case No. 1:08-CV-531

KENNETH SUTTON, et al.,              HON. GORDON J. QUIST

    Defendants.
                           /

## ORDER

Pursuant to the Court's August 31, 2009, Memorandum Order, the parties have submitted supplemental briefs responding to the Court's proposed analysis of why M.C.L.A. § 500.3113(c) does not apply in this case. Having reviewed the parties' briefs, the Court finds no persuasive reason to alter its conclusion that § 3113(c) does not bar Plaintiffs' claims for no fault benefits.

Citizens contends that the Court's interpretation of § 3113(c) is wrong because the language of that section is clear and unambiguous and the rules of statutory construction preclude the Court from reading additional requirements or limitations into the text. It asserts that the Court's proposed interpretation ignores these rules because "[n]owhere does this exclusion provide that persons shall be excluded only if they are the owners or registrants of the motor vehicle they were occupying at the time of the accident." (Citizens' Supplemental Br. at 3.) Citizens is correct. However, also applicable to the Court's analysis is the well-known rule that in construing statutes courts must give effect to the intent of the legislature. *Grand Traverse Co. v. State*, 450 Mich. 457, 464, 538 N.W. 2d 1, 4 (1995).

In making its argument Citizens asks the Court to accept that Plaintiffs were persons who were "not insured by an insurer which has filed a certification in compliance with section 3163," even though Plaintiffs were neither the owner nor registrant of the vehicle and therefore were not required to carry insurance. As the Court pointed out in its Memorandum Order, however, § 3163 applies only to nonresidents who would otherwise be required to purchase no fault insurance. Citizens does not argue otherwise. Because Plaintiffs are not persons to whom § 3163 applies, not only were they not required to comply, but *they could not have possibly complied* with the No Fault Act, even on a voluntary basis. In fact, because nothing in the record suggests that Plaintiffs had any interest in the vehicle, Plaintiffs could not have legally obtained automobile insurance because they lacked an insurable interest. *Allstate Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 230 Mich. App. 434, 439, 584 N.W. 2d 355, 358 (1998) (concluding that "an insured must have an 'insurable interest' to support the existence of a valid automobile liability insurance policy").

Citizens also contends that the Court's interpretation renders § 3113(c) surplusage because uninsured owners and registrants are already excluded from recovering no-fault benefits under § 3113(b). The Court disagrees. Section 3113(b) applies to persons who must purchase no fault insurance, including Michigan residents and nonresident owners or registrants of vehicles not registered in Michigan who operate the vehicle more than 30 days in any calendar year in Michigan. Section 3113(c), on the other hand, applies to nonresidents who do not have insurance through an insurer who has filed a § 3163 certificate, i.e., nonresidents motorists who need not obtain no fault insurance because they operate a vehicle within Michigan for less than 30 days in any calendar year.

Citizens further contends the Court improperly relied on *Gersten v. Blackwell*, 111 Mich. App. 418, 314 N.W.2d 645 (1981), in its Memorandum Order and that *Gersten* actually supports its

2

position that § 3113(c) applies to Plaintiffs. Citizens notes that the Plaintiffs, Seymour and Beverly Gersten, were Illinois residents and that Seymour owned and operated the vehicle, while Beverly was merely a passenger. Citizens says that "[t]he Court ruled that under 3113(c) both the owner/operator Seymour Gersten and the passenger Beverly Gersten were not entitled to personal protection insurance benefits." (Citizens' Supplemental Br. at 4-5.) Citizens reads too much into *Gersten*. First, the Court relied on *Gersten* solely for its discussion of the purpose of § 3113(c) – to exclude from coverage those transient nonresident motorists who do not voluntarily comply with the No Fault Act by purchasing no fault insurance. As explained above, Plaintiffs are excluded from that group of persons because they could not possibly comply, even voluntarily, with the No Fault Act. Second, while the *Gersten* court did say that Seymour Gersten owned and operated the vehicle and Beverly Gersten was a passenger, *id.* at 420, 314 N.W.2d at 646, the court also indicated that Beverly Gersten was more than merely a passenger when it said, "Plaintiffs were residents of Illinois and had not operated *their vehicle* in Michigan in excess of 15 days," and "Plaintiffs' *insurance carrier*, if any, was not required to file a certificate of compliance." *Id.* at 421, 314 N.W.2d at 646 (italics added). Finally, nothing in *Gersten* suggests that the court even considered whether a nonresident who is merely a passenger is disqualified from coverage by § 3113(c).

Citizens also contends that the Court erred in relying upon *Detroit Medical Center v. Citizens Insurance Co.*, No. 266444, 2007 WL 2214291 (Mich. Ct. App. June 28, 2007), for the proposition that an uninsured passenger is entitled to benefits where the evidence was insufficient under § 3113(c). The Court did not cite *Detroit Medical Center* for that proposition, although the errant reference to § 3113(c) in the parenthetical does indicate that it did. As Citizens points out, that case concerned § 3113(a). The citation was nonetheless appropriate, because the Court's point was that

3

the injured passenger in that case, Jerome Crutcher-Bey, a Michigan resident who was uninsured and could not have purchased no fault insurance, was entitled to no fault benefits. Plaintiffs, although nonresidents, are in the same position as Crutcher-Bey.

Finally, Citizens cites no persuasive reason why the Michigan legislature would deny no fault benefits to a nonresident who is incapable of complying with the No Fault Act simply because the nonresident happens to be a passenger. As Plaintiffs recognize in their supplemental brief, Citizens' argument creates an illogical dichotomy: Plaintiffs would be entitled to receive benefits through the assigned claims facility if they were walking across 144th Avenue and were struck by the same uninsured out-of-state vehicle, but they would not be entitled to benefits merely because they were passengers in the vehicle. Coincidentally, the Court saw the same problem, although its hypothetical is slightly different. This scenario involves an uninsured Ohio resident hitchhiking into Michigan. If the hitchhiker is hit by an uninsured nonresident motorist, the hitchhiker would be entitled to benefits through the assigned claims facility. According to Citizens' interpretation of § 3113(c), however, if the nonresident motorist instead picked up the hitchhiker and had an accident a few miles later, the hitchhiker would be precluded from benefits merely by the act of getting into the vehicle. Because the hitchhiker was incapable of protecting himself with no fault benefits in both situations, there is no rational basis to preclude benefits solely because of passenger status.

Accordingly, for these and the other reasons set forth in the August 31, 2009, Memorandum Order,

**IT IS HEREBY ORDERED** that Defendants Defendant Citizens Insurance Company of America's Motion for Summary Judgment (docket no. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that a final pretrial conference shall be held on **November 17, 2009, at 3:00 PM.**

Dated: September 21, 2009                               /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE